IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAYLOR WOODS,<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-417 |
| | § | |
| STARBUCKS CORPORATION,<br>　　Defendant. | §<br>§<br>§ | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Taylor Woods, Plaintiff, and files this original complaint against Starbucks Corporation, Defendant, and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

2. Defendant Starbucks Corporation is a foreign for-profit corporation doing business in Texas and may be served by serving its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically, 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

4. All prerequisites to filing suit have been met.

## III. FACTS

5.  Plaintiff was employed by Defendant Starbucks Corporation at its cafe located at 2918 N. US Highway 75, Sherman, Texas from on or about October 3, 2016 to December 2016. She was employed as a barista.

6.  Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under Title VII.

7.  On October 4, 2016, Plaintiff's trainer, Mr. Jordan Brock, gave her and the other trainee his cellphone number and told them to text him with any questions they had. She gave him her cellphone number as well.

8.  On October 5, 2016, Mr. Brock messaged Plaintiff on Facebook asking how her training went after he left the previous day. She responded about work topics but he moved the messaging to other topics.

9.  This contact continued for a few days via Snapchat. Mr. Brock began asking Plaintiff for nude photographs of herself, talked about inappropriate sexual topics, and asked her to "come over."

10. Plaintiff did not reply to the inappropriate sexual questions Mr. Brock asked her. However, he continued sending messages about other topics until she eventually responded.

11. On October 8, 2016, Mr. Brock sent Plaintiff a nude photo of himself.

12. Plaintiff immediately ceased contact with him.

13. Mr. Brock continued messaging Plaintiff and began to telephone her, yelling and threatening to have her fired if she did not send him photos.

14. On October 10, 2016, Plaintiff reported the behavior to Bri (Last Name Unknown), the store manager, who told Plaintiff she would solve the problem the next day.

15. On October 11, 2016, Plaintiff reported for work and tried to avoid contact with Mr. Brock. Approximately two hours into her shift, she was approached by Bri who took her to a corner of the café sitting area and sat down with her. Bri asked to see Plaintiff's phone and looked at the messages she received from Mr. Brock.

16. They talked for approximately five minutes before Mr. Brock approached them and began wiping the table next to them, listening to their conversation.

17. Mr. Brock then inserted himself into the private conversation. He eventually caused a scene in front of customers and coworkers. Only then did Bri move the meeting to the private office.

18. In the office, Mr. Brock yelled, punched at boxes and a table, and laughed while Plaintiff spoke. During this spectacle, Bri's response was to caress his shoulder to calm him down.

19. Bri informed Plaintiff she would contact corporate and report the incident.

20. Plaintiff did not receive any contact from human resources or corporate.

21. On October 17, 2016, Bri warned Plaintiff that if she went to human resources on her own she would be fired and it would not be a pretty outcome for her.

22. Defendant did not take any meaningful disciplinary action against Mr. Brock and continued to allow him on the store's premises during Plaintiff's working shift.

23. Defendant began cutting Plaintiff's working hours and scheduling her to work erratic hours on short notice.

24. Defendant's conduct toward Plaintiff resulted in a hostile work environment and retaliation against Plaintiff.

25. Plaintiff contends Defendant's actions as set forth above resulted in a constructive discharge which occurred in early December 2017.

26. Plaintiff was earning approximately $9.00 per hour with benefits to begin after three months employment.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

**Violations of  42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

27. A. Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from gender discrimination in the workplace.

28. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A.  § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

29. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

30. D. On or about November 28, 2016, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On May 30, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated May 25, 2017.

31. In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

**Violations of  42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended**

32. A. Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from sexual harassment in the workplace.

33. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A.  § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

34. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A.  § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

35. D. On or about November 28, 2016, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On May 30, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated May 25, 2017.

36. In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## COUNT III

**Violations of  42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended**

37. A. Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from a hostile workplace environment.

38. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A.  § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

39. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A.  § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

40. D. On or about November 28, 2016, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On May 30, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated May 25, 2017.

41. In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:

## COUNT IV

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

42. A. Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (female) from a retaliation for reporting sexual harassment.

43. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

44. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

45. D. On or about November 28, 2016, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On May 30, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated May 25, 2017.

## V.  DAMAGES

46. Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

## VI. ATTORNEY'S FEES

47. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

48. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**